## Shirk *versus* Bucher.

The Act of March 25th 1864, § 7, empowering school directors to borrow money to pay bounties and to levy a tax "*on all property, &c., subject to taxation for state and county purposes*," did not authorize them to tax property not included in the adjusted valuation of the assessors and commissioners.

APPEAL from the decree of the Court of Common Pleas of *Lancaster county*, in Equity.

Reuben Bucher brought his bill, December 31st 1864, against Joseph Shirk and others, school directors of West Cocalico township, and Jesse R. Pannebacker, constable, setting forth that the school directors levied a tax on said township, to pay bounties to volunteers; that the tax levied on the complainant amounted to $96.40, which was more than he was responsible for; that the directors proceeded irregularly in not assessing the tax on the valuation of his property returned by the assessors for state and county purposes for the year 1864, but substituted their own

valuation, and assessed a tax on $3000, not included in the valuation returned by the assessors; that the tax thus assessed against him is $72 more than is due by him, and praying that the defendants may be restrained from collecting the illegal portion of the tax assessed against him.

To this bill the defendants demurred.

Hayes, A. J., April 15th 1865, delivered the following opinion and judgment:—

"The question raised upon this demurrer is, whether the defendants, school directors of Cocalico township, were authorized in levying and raising a bounty tax for the year 1864, to levy and assess the same upon property not included in the adjusted valuation and assessment made by the lawful assessor and adjusted by the commissioners for the same year and township, or not.

"By the terms of the Act 25th March 1864, § 7, they were authorized 'to levy and assess on all property, professions, trades and occupations subject to taxation for state and county purposes,' &c., 'which taxes shall be collected as county, city, ward and borough taxes are now levied and collected,' &c.

"It is contended that this act invested the school directors with a new power not connected with the interests of education, and unrestricted by any words of limitation, they are 'to levy and assess *all* property, professions, trades and occupations,' and therefore they are empowered to assess any property of a resident citizen existing at the time, whether it had been assessed by the legally appointed assessor or not, or whether or not it existed at the time of the legal and regular assessment.

"But this view does not appear to be sustained by reference to the act which authorizes them to assess, &c., on all property, &c., '*subject to taxation for state and county purposes,*' which is a material limitation, because if the $3000 in this case were not subject to taxation for state and county purposes, the school directors were not authorized to levy and assess them. The $3000 were not included in the assessment made for state and county purposes, because they were received after that assessment was made; they were not at the time, therefore, taxable for such purposes, and were not in fact taxed.

"The school directors were a legally constituted body, and this new duty was devolved upon them. Under the law by which they were constituted they were invested with large powers in regard to the levying of taxes for the purposes of the common schools; and to enable them to perform the duty, the county commissioners are required to furnish them with a correct copy of the last adjusted valuation of subjects and things made taxable for state and county purposes, and the same are by the Act of Assembly made taxable for school purposes. The school directors are to proceed to levy and apportion the school-tax accordingly.

[Shirk *v.* Bucher.]

"It would be extraordinary, if in regard to this annually recurring duty, the legislature deemed it proper to give them as a basis the adjusted valuation of assessed property for levying a school-tax, with respect to which the citizen had exercised the privilege of correcting any errors by the appeal allowed him, they should have in relation to this bounty-tax given them, instead of that safe criterion, the arbitrary power of assessing whatever property or things the directors might think proper, and at whatever value they should choose to assign, without appeal or redress to any party injured by their mistakes.

"Unless the enactment were in such indisputable terms as made such interpretation unavoidable, it would be difficult to accept it as the true meaning. But I think the clause, *subject to taxation for state and county purposes*, explains the intention of the legislature of 1864, and places the provision of the act of that year with respect to the levying of bounty-tax, in harmony with the Act of 1854, in regard to the basis of taxation—the adjusted valuation of the commissioners.

"We think the judgment on the demurrer should be for the complainant."

The defendants appealed, and assigned for error, that "the court erred in deciding that the sum of $3000 was not liable to levy or assessment for county purposes, and in giving judgment on the demurrer for the complainant."

*G. M. Kline*, for appellants, cited Act of March 25th 1864, § 7, Pamph. L. 77; Act of August 25th 1864, Pamph. L. 987; Act of April 15th 1834, § 48, Pamph. L. 518; School Directors *v.* Carlisle Bank, 8 Watts 296.

*W. R. Wilson*, for appellee, cited Act of May 8th 1854, § 29, Pamph. L. 624; Act of August 25th 1864, § 4, Pamph. L. 987; Dwarris on Stat. 300.

The opinion of the court was delivered, June 25th 1866, by

READ, J.—We are of opinion the court below were right in deciding that the sum of $3000 belonging to plaintiff below was not liable to the bounty-tax for 1864, not being included in the adjusted valuation and assessments made by the lawful assessor, and adjusted by the commissioners for the same year and township.

We think the reasons for this opinion are sufficiently given by Judge Hayes, and the decree is therefore affirmed at the costs of the appellants.